IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAURICE CROMRATIE,** | : | |
| | : | |
| **Petitioner,** | : | **CIVIL NO. 1:CV-07-02303** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **FEDERAL BUREAU OF PRISONS,** | : | |
| **et al.** | : | |
| | : | |
| **Respondents.** | : | |

## M E M O R A N D U M

Maurice Cromratie ("Cromratie"), an inmate currently incarcerated at the United States Penitentiary at Allenwood ("USP-Allenwood"), in White Deer, Pennsylvania,[1] has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") failure to transfer him to either a halfway house or residential reentry center ("RRC"). He seeks to compel the BOP to provide him with placement in an RRC for "at least 6 months not to exceed 10%" of his federal sentence. (Doc. 1 at 2.) For the reasons that follow, the petition will be denied for failure to exhaust administrative remedies.

---

[1] Cromratie names as respondents the Federal Bureau of Prisons; Harley Lappin; Warden of USP-Allenwood; and "Unknown Contract Agencies." (Doc. 1 at 1.) The only proper respondent in a habeas corpus action is the warden of the institution where the petitioner is confined. 28 U.S.C. § 2243. Thus, proper respondent in this matter is the warden of USP-Allenwood only. In light of the court's disposition of the petition, Cromratie will not be directed to submit an amendment; and the court will liberally construe the petition as naming the appropriate respondent only.

## I.   __Background__

On July 21, 2003, Cromratie was sentenced in the United States District Court for the Eastern District of North Carolina to 87 months imprisonment for charges of felon in possession of an unregistered firearm. *See United States v. Cromratie*, 7:03-CR-00012 (E.D.N.C. 2003).[2]   Thereafter, Cromratie was designated to USP-Allenwood.

The record[3] reflects that Cromratie has filed twenty-seven (27) requests for administrative remedy from USP-Allenwood on various topics and to various levels, including the Northeast Regional Office.  (Doc. 6-2 at 18-32.)  These remedies address the following issues: complaints about clothing issued, religious diet, job complaints (from laundry department), commissary services, financial responsibility, consultant referrals/recommendations, request for surgery, restoration of good time credits, other sentence computation, UNICOR work assignment, good conduct time,

---

[2]   Cromratie fails to include any facts describing the basis for his incarceration in his habeas petition or subsequent filings.  Information regarding the nature of his conviction and sentence are found at United States District Court for the Eastern District of North Carolina's electronic case filing system, on its website, https://ecf.nced.uscourts.gov.  The court will take judicial notice of these entries related to this petition. *See United States v. Cromratie*, 7:03-CR-00012 (E.D. N.C. 2003), Dkt. Entry 10; *see also* Fed. R. Evid. 201.

[3]   In addition to the allegations in Cromratie's petition, Respondent has submitted the declaration of K. Michael Sullivan, senior attorney at the Federal Correctional Complex at USP-Allenwood, which verifies the accuracy of all the administrative remedies pursued by Cromratie at the time of filing the response, and the responses thereto, while he was incarcerated at USP-Allenwood.  (Doc. 6-2, Ex. A.)  Also attached as exhibits are the relevant SENTRY computer-generated records of Cromratie's exhaustion attempts.  (*Id.*)

inappropriate pat searches, request for restitution for loss of commissary, appeal of a disciplinary action, discrimination, and jail credit.  (*Id*.)  None of these requests for administrative remedy pertain to issues relating to the claims presented in the instant petition.

In this petition, Cromratie alleges that while at USP-Allenwood he received several incident reports, but all have been reversed in his favor.  (Doc. 7 at 4.)  He contends, however, that it is these incident reports which led to the BOP's refusal to alter his classification designation, a designation which precluded him from transfer to an RRC.  (*Id*.)  Further, he claims that by making such a refusal the BOP improperly applied to his sentence BOP Program Statement 7310.04 ("Community Corrections Center (CCC) Utilization and Transfer Procedures"), because it was not in effect at the time he began serving his federal sentence in July 2003.  (Doc. 1 at 3.)  He contends that BOP Program Statement 7310.04 "was not placed on the books until Year 2006," and therefore the application of the BOP Program Statement to his sentence violates the *ex post facto* clause of the United States Constitution.[4]  (*Id*. at 1.)  *See* U.S. Const. art. 1, § 9, cl. 3 ("No . . . ex post facto Law shall be passed.")

---

[4]  The BOP's website indicates that BOP Program Statement 7310.04 was issued on December 16, 1998.  *See* http://www.bop.gov/DataSource/execute/dsPolicyLoc.

3

Finally, Cromratie contends that the BOP breached its statutory obligations under 18 U.S.C. §§ 3621(b)[5] and 3624(c)[6] by failing to alter his classification designation.

The instant petition was filed on December 21, 2007.  (Doc. 1.)  On January 14, 2008, the court issued an order directing the respondent to show cause why habeas relief should not be granted, on or before February 4, 2008.  (Doc. 5.)  In his response to the instant petition, Respondent contends that Cromratie's habeas petition should

---

[5]  Section 3621(b) of title 18, related to a BOP inmate's place of confinement, provides:

The [BOP] shall designate the place of the prisoner's confinement. The [BOP] may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP], . . . considering - -
    (1) the resources of the facility contemplated;
    (2) the nature and circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court that imposed the sentence
                                    . . .
    and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

[6]  Section 3624(c) of title 18 provides, in pertinent part:

The [BOP] shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.  The authority provided by this subsection may be used to place a prisoner in home confinement.

18 U.S.C. § 3624(c).

be denied for failure to exhaust administrative remedies.  Cromratie has replied to the

response.  (Doc. 7.)  Thus, the petition is ripe for disposition.

## II.   **Discussion**

Despite the absence of a statutory exhaustion requirement attached to § 2241,

courts have consistently required a petitioner to exhaust administrative remedies prior

to bringing a habeas claim under § 2241.  *Callwood v. Enos*, 230 F.3d 627, 634 (3d

Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

Exhaustion is required "for three reasons: (1) allowing the appropriate agency to

develop a factual record and apply its expertise facilitates judicial review; (2)

permitting agencies to grant the relief requested conserves judicial resources; and (3)

providing agencies the opportunity to correct their own errors fosters administrative

autonomy."  *Moscato,* 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050,

1052 (3d Cir. 1981)).

In order for a federal prisoner to exhaust his administrative remedies, he must

comply with 28 C.F.R. § 542.  *See* 28 C.F.R. § 542.10, *et seq.*; *Lindsay v. Williamson*,

No. 1:CV-07-0808, 2007 WL 2155544, at *2 (M.D. Pa. July 26, 2007).  An inmate

first must informally present his complaint to staff, and staff shall attempt to

informally resolve any issue before an inmate files a request for administrative relief.

28 C.F.R. § 542.13(a).  If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined.  *Id*. at § 542.14(a).  If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP.  *Id*. at §§ 542.15(a) and 542.18.  No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office.

A district court may use its inherent power to dismiss, *sua sponte*, a complaint which conceded that the prisoner failed to exhaust his administrative remedies and which facially violates a bar to suit.  *Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002).  *See also Sulaski v. Lindsay*, No. 1:CV-06-2482, 2007 WL 1031457, at *1 (M.D. Pa. Mar. 29, 2007) (relying on *Ray* for *sua sponte* dismissal of an unexhausted § 2241 petition).  However, exhaustion may be excused upon an affirmative showing of futility.  *See Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998).

As set forth above, the record reflects that since his incarceration at USP-Allenwood, Cromratie has filed 27 requests for administrative remedy on a variety of topics.  *See supra* pp. 2-3.  Respondent contends that Cromratie has failed to exhaust his administrative remedies with respect to the instant claims.  Respondent also argues that "Cromratie fails to show, or even claim, that he is not required to exhaust administrative remedies on the basis of futility."  (Doc. 6 at 7.)  In his traverse,

6

Cromratie counters that he "has attempted to resolve 'informally' via verbal communication with [Case Manager] Kelly McMahan & others . . . ." (Doc. 7 at 4.) There is nothing in the record, however, indicating that Cromratie subsequently raised his claims with any other entity, namely USP-Allenwood's warden or the BOP's Regional and Central Offices.  As such, the court agrees with Respondent that Cromratie has failed to present any basis for excusing exhaustion in this case.  As the record clearly indicates that Cromratie has not exhausted his administrative remedies with respect to the claims in the instant petition, the court will deny the § 2241 petition for failure to exhaust administrative remedies.

## III.  <u>Conclusion</u>

Based on the foregoing determination that Cromratie has failed to exhaust his administrative remedies with respect to the claims raised in the instant petition, the petition for writ of habeas corpus (Doc. 1) will be denied.  Because the court will dismiss the § 2241 petition for failure to exhaust administrative remedies, it need not consider the merits of the claims.[7]

---

[7]  The court notes that in his traverse Cromratie requests that his petition be converted to a class action.  (Doc. 7 at 6.)  However, "a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates."  *Alexander v. New Jersey State Parole Board*, 160 Fed. Appx. 249, 249 n.1 (3d Cir. 2005) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4 Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.")).

An appropriate order will issue.


                                     s/Sylvia H. Rambo
                                     SYLVIA H. RAMBO
                                     United States District Judge


Dated:        March 20, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAURICE CROMRATIE,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-07-02303** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **FEDERAL BUREAU OF PRISONS,** | : | |
| **et al.** | : | |
| | : | |
| **Respondents.** | : | |

# O R D E R

AND NOW, this 20th day of March, 2008, upon consideration of the petition

for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying

memorandum, it is hereby ORDERED that:

1.  The petition for writ of habeas corpus (Doc. 1) is DENIED.

2.  The Clerk of Court is directed to CLOSE this case.


s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge